**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **J-LIFT, INC., WADE NEAL, and KYLE MYERS,** | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-00174-L** |
| | § | |
| **INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC., and POWERCARE AND SERVICE SOLUTIONS, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On July 29, 2022, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") in the above-titled civil action. In her Report (Doc. 81), the magistrate judge recommended that the court (i) grant Defendants' Motion to Dismiss under 12(b)(1) (Doc. 54) as to Plaintiffs Wade Neal and Kyle Myers and dismiss their claims without prejudice for lack of standing; (ii) grant Defendants' Motion for Judgment on the Pleadings (Doc. 54) as to the remaining claims brought by Plaintiff J-Lift, Inc. ("J-Lift"), and dismiss J-Lift's Lanham Act claim (the sole federal claim and the source of the court's original federal subject matter jurisdiction) with prejudice; (iii) decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(d) over the remaining state law claims, and dismiss these claims without prejudice; (iv) allow J-Lift a final opportunity to amend its complaint in the interest of justice to replead as to the state law claims dismissed without prejudice so that the court may determine whether it may exercise original diversity

jurisdiction over J-Lift's remaining state law claims; and (v) deny as moot Defendants' Motion to Dismiss Misjoined Parties or to Sever (Doc. 56).[1] No objections were filed.

After considering the parties' briefing, record, and Report, the court concludes that the findings and conclusion of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion to Dismiss under 12(b)(1) (Doc. 54) as to Plaintiffs Wade Neal and Kyle Myers and **dismisses** their claims **without prejudice** for lack of standing. Further, the court **grants** Defendants' Motion for Judgment on the Pleadings (Doc. 54) as to the remaining claims brought by Plaintiff J-Lift and **dismisses with prejudice** J-Lift's Lanham Act claim. In addition, the court declines to exercise supplemental jurisdiction over the remaining state law claims of fraud, violations of the DTPA, negligent misrepresentation, breach of contract, and promissory estoppel, which are hereby **dismissed without prejudice**. The court allows J-Lift a final opportunity to amend its complaint in the interest of justice to replead so that the court may determine if it may exercise original diversity jurisdiction as to those state law claims dismissed without prejudice.[2] The deadline for J-Lift to file an amended pleading in the event it believes the court has original federal subject matter jurisdiction under 28 U.S.C. § 1332(a) is **September 9, 2022**. Finally, the court **denies as moot** Defendants' Motion to Dismiss Misjoined Parties or to Sever (Doc. 56).

---

[1] The parties stipulated previously to the dismissal of Plaintiffs A&R Equipment Sales, Inc. and Double Eagle Forklifts, LLC. *See* Stipulation of Dismissal (Doc. 72).

[2] The court agrees with the magistrate judge that, in the interest of justice, "the Court should allow J-Lift to file an amended complaint in order to determine whether the court may exercise original jurisdiction over the remaining dispute between J-Lift and Defendants. Before all the individual Plaintiffs were dismissed, the case did not have complete diversity and Plaintiffs had little incentive to specifically plead the amount in controversy. Allowing J-Lift one final opportunity to amend will give J-Lift a fair opportunity to allege the amount in controversy and will likely solve some of Defendants' legitimate concerns regarding group pleading in the Second Amended Complaint." Report 19 (Doc. 81).

In light of the foregoing, the court **denies as moot** Defendants' Renewed Motion for Protective Order and Motion for Expedited Consideration with Brief in Support (Doc. 59).

**It is so ordered** this 29th day of August, 2022.

Sam A. Lindsay
United States District Judge